SOCIETY OF THE NEW YORK HOSPITAL, Plaintiff, *v*. CHARLES W. HANSON, Individually and as Chairman of New York Building and Construction Trades Council's Maintenance Organization, A. F. of L., et al., Defendants.

Supreme Court, Special Term, New York County, November 28, 1945.

*Rathbone, Perry, Kelley & Drye* for plaintiff.
*Harold Stern* for defendants.

O'Brien, J. This is a motion by the Society of the New York Hospital to restrain the New York Building and Construction Trades Council's Maintenance Organization, during the pendency of this action, from interfering with the conduct and operation of the plaintiff hospital by instigating and continuing a strike and the accustomed form of picketing.

It is conceded that the plaintiff is a public, charitable, non-profit and nonsectarian corporation engaged in the operation and maintenance of a general hospital in the city of New York, for the care and treatment of the sick and injured and for the advancement through research and learning, of preventive and curative medicine.

It is not disputed that many thousands of adult persons receive treatment throughout the year in the out-patient department, and various medical, surgical and accident pavilions, nor is it denied that in the past year over 3,000 babies were born in the hospital or that 8,000 children were treated and cared for in its children's clinic. This hospital operates one of the largest independent power plants in our city and of necessity depends upon this plant, not only for its heat and light but for the operation of its elevator and equipment, such as "iron lungs", incubators, X rays, air conditioning and almost every conceivable contraption known to medical science.

The plaintiff employs approximately 2,000 persons, 164 of whom consist of employees of the power plant, elevator operators and maintenance men, such as electricians, mechanics, plumbers, etc. It is not contended that these employees have any direct part in caring for the patients, but it cannot be argued that a hospital, stripped of these important artisans, would become paralyzed and cease to function.

Discontinuing further identity of the litigants, the issue, in substance, is whether peaceful picketing and a strike may be conducted against such an organization in view of the statutory exemptions or restrictions.

The policy of this State, that the various statutes referring to labor disputes shall not apply to those employed by charitable, educational and religious associations or corporations and that their proper functions cannot be interfered with by strikes, because of the resultant chaotic effect upon the public health and welfare, has been enunciated in the cases of *Matter of Columbia University* v. *Herzog* (269 App. Div. 24) and *Jewish Hospital of Brooklyn* v. " *John Doe* " (252 App. Div. 581). Within this policy, in my opinion, is included picketing and any

other form of legal compulsion normally acceptable or permitted in a dispute between an ordinary employer and employee. Even peaceful picketing might well disrupt the mental agility or tend to increase the strain constantly imposed upon those persons whose vocations are directed to the curing of ills and the alleviation of pain.

Strikes, picketing, constant bickering while dickering, indicate discord, breed discontent and promote unpleasantness generally, all of which is dangerous to hospital atmosphere for their effects, to some extent, might reach a patient. These conflicts, just or otherwise, inevitably reach the ears of a hospital patient which would hardly be conducive to a speedy recovery.

No one denies the right of these employees to better their economic status, but the desired reforms by these certain employees, whatever they may be, must be attained by means which will not tend to impair or even threaten to harm the public health of our citizenry. I am fully aware that these disputes are not entirely one-sided. I also appreciate that if a charitable institution is an outstanding public servant and benefactor, so too is its lowliest employee, whose health also should be preserved and guarded in the first instance by a suitable wage scale. No institution in our form of government should be altruistic, yet niggardly. It might well be that their shining lights of benefaction, mercy and charity, irradiating far and wide, should at least be reflected to the basement of their own structure and their magnanimity extended even to the lowliest within their walls.

It is difficult to weigh the merits of a particular controversy upon affidavit and probably the interests of all will best be served by an immediate trial, at which time all of the issues in detail will be heard and determined.

An expeditious adjudication of the rights of these litigants is of considerable concern to this court and an immediate trial is warranted so that substantial justice may be afforded to all concerned, and upon the filing of a note of issue and the payment of appropriate fees by plaintiff the case is set down for trial on Monday, December 3, 1945, in Special Term, Part III, at head of calendar.

In the interim the injunction heretofore issued out of this court is continued. Submit order.