Beth-El Hospital et al., Plaintiffs, *v.* Estelle Robbins, as President of Hospital Employees Union of New York, Local 444 of State, County. and Municipal Workers of America, C. I. O., Defendant.

Supreme Court, Special Term, Kings County, January 18, 1946.

*Lloyd B. Kanter* for plaintiffs.

*Matthew Silverman* for defendant.

*Roderic Wellman* for Greater New York Hospital Association, *amicus curiæ.*

*Lee Pressman* and *Harold I. Cammer* for Congress of Industrial Organizations and others, *amici curiæ.*

C. A. JOHNSON, J. The plaintiffs, membership corporations, operating hospitals in the borough of Brooklyn as nonprofit and charitable institutions, bring this action wherein a judgment is sought declaring that their employees, acting in concert, have no legal right to strike, leave their employment, or engage in other public demonstrations as a means of compelling plaintiffs to bargain collectively with a representative of said employees, and seeking an injunction upon such declaration restraining the defendant union, its officers and members, from committing any acts in violation of such declaration. In this action the plaintiffs make this application for a temporary injunction enjoining and restraining the defendant and the members of the defendant union during the pendency of this action, from interfering with the conduct and operation of the hospitals by doing any of a number of acts enumerated in detail in the notice of motion. The employers in this litigation are not commercial organizations engaged in business for profit; on the contrary, their operations are in large part supported by gifts and by payments from the City of New York.

Since the submission of this controversy to the court, and on December 19, 1945, Mr. Justice PECORA, of this court, sit-

ting in Special Term, Part IV, of New York County, rendered an opinion granting an injunction in an action for such relief brought by the Society of the New York Hospital against a labor union which had called, or threatened to call, a strike in that hospital (*Society of New York Hospital* v. *Hanson,* 185 Misc. 937). The problem presented by the instant application is different only in that this action is one for a declaratory judgment, and the movements thus far made against the instant plaintiffs by the defendant union have been of a somewhat less drastic character than appears to have occurred in the *New York Hospital* case (*supra*)..

Demands by the defendant union have been made upon the plaintiff Beth-El Hospital that the hospital recognize the union as the employees' representative and bargain collectively with it in that capacity. When these demands were refused, a strike was threatened, work stoppages and demonstrations occurred on several occasions and the functioning of the hospital was impaired to such an extent that admissions were limited to emergency cases. A similar course of action was maintained by the defendant union against the plaintiff Beth Moses Hospital, with a like result.

This court feels justified, therefore, in finding that members of defendant union employed by the plaintiffs, by their concerted absence from their work, have hindered in some degree the performance of the normal service of the plaintiff hospitals; that it is reasonable to believe that this interference will continue and increase; that by reason of this condition admission of patients to the hospitals has already been in some degree restricted, and will be increasingly restricted in the future should the defendant's acts be continued and their threat to strike put into effect. The defendant itself does not seriously challenge the assertion that it is its intention to exercise every means which the law accords it to increase the wages of its members and improve their conditions of employment; and it is its contention that the law gives its members a right to strike and to picket if their demand for collective bargaining is not met.

Article 20 of the Labor Law of the State of New York does not, it is true, specifically forbid strikes by employees of the State or of charitable institutions. It does, however, exempt the State and such charitable institutions from the obligation of bargaining collectively with their employees (Labor Law, § 715). In this case, one of the avowed purposes of the strike is to force the employers to bargain collectively and there is,

therefore, a threat to strike for a purpose which does defeat the policy of the State as expressed by the statute. A strike having an unlawful purpose may be and will be restrained. The question whether the employees have just reason for complaint as to wages or working conditions is not here involved.

The court is of the opinion that the action for declaratory judgment is properly brought and that the circumstances of the controversy are sufficiently susceptible of proof to warrant the court in rendering a judgment defining the parties' legal relations and their several rights and liabilities. For the same reason the court is of the opinion that relief may properly be given to the plaintiffs during the pendency of the action in the nature of an injunction against the doing by the defendant of any act which would tend to interfere with the execution of the functions of the plaintiffs in rendering medical and surgical care to sick or injured human beings. That the courts have the power and duty of preventing this evil result is amply settled (*Jewish Hospital of Brooklyn* v. " *John Doe* ", 252 App. Div. 581; *Society of New York Hospital* v. *Hanson,* 185 Misc. 937, *supra*). There is little necessity for this court to indulge in a lengthy discussion of the reasoning by which this conclusion is reached.

Some fields of endeavor so directly involve the public safety that the individuals engaged therein are not possessed of the right to strike as a means of increasing their wages or improving their working conditions. The policeman, the fireman, the soldier, do not possess that right. The physicians in the wards or operating rooms of the plaintiff hospitals do not possess it, and those in more humble positions in the laboratory and diet kitchen, the engine room or the power plant, once they have assumed the performance of duties just as essential to the care and healing of the sick as those of the physician himself, must understand that they have, in assuming that obligation, surrendered rights possessed by those seeking employment in enterprises operated for profit, not so directly involving the public interest. Recognition of this condition is evidenced, as heretofore mentioned, by section 715 of the Labor Law exempting employees of the State and its subdivisions, and employees of charitable associations or corporations, from the provisions of article 20 of the Labor Law. The plaintiffs are discharging public functions, at least to the extent that they are performing functions which, in the absence of these agencies, would of necessity be assumed by the State (*W. Pa. Hospital* v. *Lichliter,* 340 Pa. 382; *Jewish Hospital of Brooklyn* v.

" *John Doe* ", 252 App. Div. 581, *supra*). *W. Pa. Hospital* v. *Lichliter* (*supra*) involved a charitable hospital in receipt of public funds. Such an institution, the court held, is an agency of the State and may enjoin a union from interfering with its operation under the Labor Relations Act of the State of Pennsylvania. The court said (p. 387): " It is not merely a matter of suspending operations, ceasing work and stopping production, such as might be true in a steel mill or automobile factory. It is a question of protecting the health, safety and, in many cases, the very lives of those persons who need the service a hospital is organized to render."

" Hospitals are scientific institutions created for a humane purpose in amelioration of the sufferings of mankind. * * * the whole must be coordinated, controlled and uninterrupted to accomplish the general purpose. This would be impossible, should we hold the Labor Act applicable with all its attending ramifications, interruptions and possible cessation of service due to labor disputes * * *." (P. 389.)

" Since the State chooses to perform this function through agencies, supported in part by State appropriations, these agencies are likewise beyond the scope of the Act." (P. 390.)

Furthermore, the acts threatened against the instant plaintiffs fall within the prohibition of section 1910 of the Penal Law of this State which provides as follows: " A person, who wilfully and maliciously, either alone or in combination with others, breaks a contract of service or hiring, knowing, or having reasonable cause to believe, that the probable consequence of his so doing will be to endanger human life, or to cause grievous bodily injury, or to expose valuable property to destruction or serious injury, is guilty of a misdemeanor."

The defendant's right to picket may be exercised in any way and to any extent that will not bring about the result that the court is seeking to prevent. If picketing by the defendant has any of the harmful effects intended to be prevented by the order to be made herein, the picketing is as much the subject of restraint as any other concerted act by the defendant and would be punishable accordingly.

An order will be made enjoining and restraining during the pendency of this action the defendant union, its members and representatives, and all persons acting in concert with it, from interfering with the conduct and operation of the hospitals of the plaintiffs by calling, instigating or continuing any strike, work stoppage or action of a similar nature against the plain-

tiffs, from interfering in any manner, directly or indirectly, with plaintiffs' officers, directors, agents, representatives, doctors, nurses or employees, or preventing them, or any of them, from engaging in the performance of their duties in the service of plaintiffs, from obstructing or interfering with the delivery of goods and merchandise to the hospitals of the plaintiffs, from attempting to coerce, threaten or intimidate any employee of the plaintiffs, or from interfering with or in any manner molesting, coercing or intimidating patients of the plaintiffs, or preventing or attempting to prevent said patients from entering the hospitals of the plaintiffs, and also from committing the same acts in respect of persons visiting patients in plaintiffs' hospitals, or accompanying patients, prospective or otherwise, to said hospitals. Such order will be settled on notice.