AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, Plaintiff, *v.* LEONARD R. GEIGER, as President of Local 804, Delivery and Warehouse Employees, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers, A. F. of L., Defendant.

Supreme Court, Special Term, Queens County, May 2, 1955.

*Samuel Ross Ballin* and *N. Peter Rathvon, Jr.,* for plaintiff.

*Sheehan & Harold* for defendant.

HALLINAN, J. This is an action to restrain defendant from continuing a strike.

The pertinent facts leading to this controversy may be briefly stated. By letter dated May 24, 1954, defendant informed plaintiff that defendant represented a majority of plaintiff's employees and that defendant would like to meet with plaintiff

to negotiate an agreement covering hours, wages and working conditions of those employees. Plaintiff, by letter dated June 1, 1954, replied that it was not in a position to meet with defendant for the purpose of negotiating such an agreement, but that if defendant desired to explain and discuss its position it could meet with plaintiff at a time and place specified in the letter. The parties conferred on June 3d and June 10th. On June 25th, plaintiff informed defendant by letter that plaintiff was exempt from the New York State Labor Relations Act, that it would not engage in collective bargaining with defendant and that defendant should, if it disagreed with plaintiff's position, file a petition with the State Labor Relations Board.

Defendant did not file a petition with the board. Instead, on August 2d, defendant called a strike against plaintiff and picketed its premises until enjoined by a temporary injunction order granted by Mr. Justice HILL.

Sixty-five of plaintiff's 190 employees participated in the strike and committed, during the six-week period of its duration, the acts set forth at pages 5 and 6 of plaintiff's memorandum after trial. Following are a few of those acts: They interfered with and prevented the removal of animal carcasses and wastes and the delivery of medical and other supplies to plaintiff's hospital and fuel to its shelters. They also engaged in acts resulting in physical damage to plaintiff's property and threatened employees not on strike with physical violence.

It is the opinion of this court that plaintiff is entitled to the bulk of the relief it seeks. Clearly, it is a charitable corporation (*Matter of Hamilton,* 100 Misc. 72, affd. 185 App. Div. 936) and is, accordingly, outside the scope of the New York State Labor Relations Act (Labor Law, § 715). Indeed, such was squarely held by the State Labor Relations Board in 1949, and is in any event conceded by defendant. Plaintiff is also outside the scope of section 876-a of the Civil Practice Act since obviously it " is not engaged in any industry, trade, craft or occupation for profit within the meaning of the statute." (*Jewish Hosp. of Brooklyn* v. " *John Doe* ", 252 App. Div. 581, 584; *Society of N. Y. Hosp.* v. *Hanson,* 185 Misc. 937, affd. 272 App. Div. 998; *Beth-El Hosp.* v. *Robbins,* 186 Misc. 506.) That plaintiff does not conduct a hospital for the treatment and care of human beings does not justify a different result. The Legislature has drawn no such distinction.

That is not to say, however, that peaceful picketing should be enjoined. (*Society of N. Y. Hosp.* v. *Hanson,* 185 Misc. 937, 944, affd. 272 App. Div. 998, *supra.*) Such picketing will be

done in such form as not to deter persons having business or professional relations with plaintiff from crossing the picket line and as not to interfere with plaintiff's functions.

Defendant contends that plaintiff is estopped from refusing to deal with defendant in view of the central council, a body composed of eight representatives elected by plaintiff's employees and two appointed by plaintiff's management. That contention is without merit. In the first place, the central council is not an employees' association and does not perform the functions of a labor union in the traditional sense. Its main purpose is to serve as a clearinghouse for problems and ideas concerning the plaintiff's activities. Of course, employees' conditions are often improved as a result of the conferences. But certainly, plaintiff should be congratulated, not penalized, for voluntarily providing the machinery for so doing. (Cf. *Society of N. Y. Hosp.* v. *Hanson*, 185 Misc. 934, 936, *supra.*) In the second place, the statutory right conferred upon plaintiff affects the public interest and may not be waived or released. (See *Estro Chem. Co.* v. *Falk*, 303 N. Y. 83, 87.)

Judgment is accordingly granted in favor of the plaintiff. Except for peaceful picketing, as above indicated, defendant will be permanently enjoined from committing the acts enjoined in the order of Mr. Justice HILL.

Settle judgment.