Benjamin Brenner, J.
The defendant union picketed the plaintiff, a charitable hospital, for an hour and a quarter to protest the firing by the hospital of four of its nonprofessional workers who were members of the union. The hospital seeks to enjoin the union from such picketing whilst the union requests that the complaint be dismissed for insufficiency of pleading.
The hospital does allege threats of a strike, denied by the union, but in seeking a restraining order, relies heavily on what it conceives to be a legal bar against picketing under a threat of strike against a charitable hospital. The union, on the other hand, claims that the record is barren of factual or legal support for any injunction, arguing that as it relates but a single and brief instance of lawful demonstration without damage to the hospital, defendants are free to.publicize what they regard to be an improper firing of its members.
The complaint cites no instance of force or threats of force during the picketing but it does allege that the demonstrators warned plaintiff’s employees not to report for work on the following morning; that they promised to return and repeat their activities; that said picketing and demonstrations have been instituted for various purposes, including those of inducing and coercing plaintiff’s employees to strike, of obstructing deliveries to and removal of material from plaintiff’s premises and of forcing plaintiff to recognize and deal with defendants for nonprofessional classifications of plaintiff’s employees. It also alleges that signs were carried by the pickets which read ‘1 Prospect Heights Hospital Workers can’t live on $28 a week,” “Prospect Heights Workers Insist on their Rights to join a Union” and “Prospect Heights Hospital Stop Firings for Union Activity. ’ ’ Finally, the complaint alleges that the strike threatened by defendant union and the present demonstration *513 and picketing will recur and continue unless restrained and prohibited, that such strike, work stoppage, demonstrations and picketing will cause plaintiff irreparable and immediate damage and will sorely disrupt and disorganize the operation of plaintiff’s hospital facilities, to the detriment of the lives and health of plaintiff’s patients.
The union claims the complaint is deficient in that all of the charges therein constitute mere conclusory allegations based on conjecture and are not recitals of fact adequate to support the drastic though discretionary remedy of injunctive relief. It is quite true that much of what is alleged in the complaint is conclusory and that there are no allegations therein of actual strike or work stoppage, nor is it alleged that said placards contained untruthful charges, but the complaint makes sufficient factual allegations, upon which facts, if proved, it may conceivably be found that a disruption of hospital facilities is likely to occur. The complaint must consequently be sustained as legally sufficient.
The union further asserts that this is a labor dispute within the meaning of section 876-a of the Civil Practice Act and therefore the court is without jurisdiction to issue an injunction until the requirements of that statute are met. Jewish Hosp. of Brooklyn v. John Doe (252 App. Div. 581) held that section 876-a does not apply to a charitable hospital by virtue of its exemption under section 715 of the Labor Law from the requirements of collective bargaining as contained in sections 700 to 714 of that law. While I do not agree with this interpretation of the statute, it is my plain duty to follow it until it is changed either by judicial decision or legislation. (Brill v. Brandt, 176 Misc. 580, 582, affd. 263 App. Div. 811, affd. 289 N. Y. 581; People v. Gorney, 203 Misc. 512; Putnam Valley Lbr. & S. Corp. v. Mahopac Nat. Bank, 34 N. Y. S. 2d 68, 69; Matter of Smith, 167 Misc. 95.)
However, the holding in Jewish Hosp. (supra) is not necessarily determinative of the issue before me as the court there only held that the provisions of section 876-a did not apply in considering whether to enjoin labor activity involving a charitable institution. The court did not, as the plaintiff here argues, determine that a court must issue an injunction in such cases though two other cases cited by the plaintiff do appear to uphold that view (Society of New York Hosp. v. Hanson, 185 Misc. 937, affd. without opinion 272 App. Div. 998; Beth-El Hosp. v. Robbins, 186 Misc. 506).
The facts in Society of New York Hosp. (supra) vary from those at issue in that a strike was there conceded to be in *514 progress while no strike is here claimed by either party. In Beth-El (supra) there was, as here, only the threat of a strike, bnt union activities in that case were found to be interfering with hospital services. In the case at bar disruption of hospital services is claimed but I find such charges unconvincing. In sum, we have here bare threats of strike, unaccompanied by a substantial showing of any interference with services to the sick. The threats may, of course, ripen into action as indicated in the article appearing in the union newspaper and in the telegram addressed to the hospital president. Thus only the carrying out of the threat to strike or the activization of threats which may actually interfere with hospital functioning must be guarded against and enjoined. Clearly, only such actual disruption of hospital services constituted the basis for the injunctive relief in both Society of New York Hosp. and Beth-El (supra). This, therefore, is not to say that all union activities in behalf of workers in charitable hospitals need be enjoined but only such as do or may tend to actually interfere with or obstruct services rendered to the sick.
The plaintiff also seeks to restrain all picketing and again cites the Jewish Hosp., New York Hosp. and Beth-El Hosp. cases (supra). As pointed out, the J eivish Hosp. case did not involve the question of whether the court must enjoin either a strike or picketing, and in New York Hosp. and Beth-El Hosp. the courts specifically exempted certain types of picketing from their injunction. Even if these courts had enjoined all picketing, I do not believe that I could follow such a ruling in view of the decisions of the Supreme Court of the United States which have upheld peaceful picketing to be an expression of free speech and therefore protected against State action by the Fourteenth Amendment to the Constitution (Senn v. Tile Layers Union, 301 U. S. 468; Bakery & Pastry Drivers v. Wohl, 315 U. S. 769; American Federation of Labor v. Swing, 312 U. S. 321; Cafeteria Employees Union v. Angelos, 320 U. S. 293) even where there is no labor dispute within the meaning of section 876-a of the Civil Practice Act (Cafeteria Employees Union v. Angelos, supra; Bakery & Pastry Drivers v. Wohl, supra; People v. Muller, 286 N. Y. 281). Hence, peaceful picketing that does not interfere with the normal functioning of the hospital will not be enjoined.
In none of the case law cited by plaintiff have the rights of free speech and of free organization been challenged, nor has the right to inform others, through peaceful picketing or other demonstrations, of workers’ substandard employment conditions, been curtailed or held to be contrary to law. Indeed, *515 these rights have long been embodied in decisional law and, as has been pointed out in Wood v. O’Grady (307 N. Y. 532), they pre-date both of the statutes referred to. Moreover, as stated at page 774 in Bakery & Pastry Drivers v. Wohl (supra): ‘ one need not be in a 1 labor dispute ’ as defined by state law to have a right under the Fourteenth Amendment to express a grievance in a labor matter by publication unattended by violence, coercion, or conduct otherwise unlawful or oppressive.” And in Cafeteria Employees Union v. Angelos (supra) the right of union members to make their grievances known was made crystal clear, regardless of statutory authorization by a State so to do.
State policy to free charitable institutions and their helpless wards from interference by workers there employed must be balanced against equally humanitarian State policy not to restrain such workers from publicizing the nature of their grievances and to band together or join existing organizations to successfully and peacefully accomplish such purpose. While, as a Justice, I have no right to inquire into the wisdom of the law which limits the rights of those workers, it is my plain duty to interpret it. Surely, the rationale of the limitations upon them is to give to charitable hospitals a degree of protection from curtailment of or interference with their function to minister to the indigent sick. This freedom from curtailment or interference extends, no doubt, to the disgruntled hospital employees themselves. Does this mean that an unhappy hospital worker must repress his feelings or that the worker must, without protest, match with his labor, the charity of others, however meager his own earnings 1 Certainly not! Those who give charity may give or withhold it at will. The hospital worker is also free to abandon work at a wage equivalent to charitable service, but the economic position of such worker and his earning capability may not give to him the freedom of choice to withhold his service that is open to the money or free service donor. In any case, the worker’s right to protest his grievances is not such an interference with or curtailment of service and ministration to the indigent sick as is contemplated by the restrictions imposed by law.
It is inconceivable that employees of charitable corporations, denied the benefits of the fair labor practice machinery set up in the State Labor Relations Act, barred, at least in this Department, from enjoying the safeguards against injunctive mandates under section 876-a of the Civil Practice Act, unprotected by civil service laws, must be doubly relegated to an inferior status, that is, forbidden their only economic weapon, the right to strike, *516 and then forced to wander about in an industrial no man’s land, helpless to organize, assemble or publicize their grievances, as guaranteed to them by the Federal and State Constitutions.
Defendants ’ motion to dismiss the complaint is denied. They are, pending the suit herein, enjoined from acts which interfere with the normal functioning of the plaintiff hospital and the normal services to its patients and from strike activity by or in behalf of any of its members as may be employed by the plaintiff. The defendants may, however, resume their organizational and picketing activities provided same do not violate the injunctive provisions aforesaid and provided, further, that the picketing activities will be conducted in such manner as shall be set forth in the order to be settled herein after consultation between the court and the respective attorneys for the parties on November 2,1959 at 10:00 a.m. in chambers. The plaintiff is directed to notice the case for trial for the December 1959 Term.